UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN

United States of America,

v.

D-10 Meiuttenun Brown, MD,

Defendant.

No. 17-cr-20465
Hon. Denise Page Hood

Offense:     18 U.S.C. § 1349

Maximum Sentence:
18 U.S.C. § 1349: 10 years / $250,000
fine or twice the gain/loss

---

# Rule 11 Plea Agreement

---

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, defendant

Meiuttenun Brown (the "defendant" or "Brown") and the United States agree as

follows:

1. **GUILTY PLEA**

    A.    **Count of Conviction**

    The defendant will enter a plea of guilty to Count One of the Information.

Count One charges Conspiracy to Commit Health Care Fraud, in violation of 18

U.S.C. § 1349, and for which the penalty is a statutory maximum of 10 years'

imprisonment, a fine that is greater of $250,000 or twice the pecuniary gain or loss

pursuant to 18 U.S.C. § 3571, and a three-year term of supervised release.

_Superseding_

JNF
RCK
OB



GOVERNMENT
EXHIBIT
10

B.    **Elements of Offense**

As set forth in Count One of the Information, the defendant is charged with conspiring to violate the health care fraud statute.  The elements of Count One are as follows:

First:        That two or more persons conspired, or agreed, to commit the crime of health care fraud; and

Second:    That the defendant knowingly and voluntarily joined the conspiracy.

The health care fraud statute, 18 U.S.C. § 1347, makes it a Federal offense for anyone, in connection with the delivery of any health care benefits, items, or services, to knowingly and willfully execute, or attempt to execute, a scheme or artifice:  (1) to defraud any health care benefit program; or (2) to obtain, by means of materially false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program.

C.    **Factual Basis for Guilty Plea**

The following facts are a sufficient and accurate basis for the defendant's guilty plea:

Beginning in or around 2014 and continuing through in or around April 2017, Brown knowingly and willfully conspired with others to defraud Medicare, in

2

violation of 18 U.S.C. § 1349.  Medicare is a "health care benefit program" of the United States, as defined by 18 U.S.C. § 24, and affects commerce.

Brown was a licensed physician, the Medical Director of Professional Patient Care PLLC ("Professional"), and the owner of Advanced Professional Patient Care PLLC ("Advanced").  Professional and Advanced were located in the Eastern District of Michigan.  Brown certified to Medicare on behalf of Advanced that she agreed to abide by Medicare laws, regulations, and program instructions.  These laws, regulations, and program instructions include, but are not limited to, the Federal anti-kickback statute and the Stark law.

From in or around 2014-2017, Brown, Tasadaq Ali Ahmad, and others conspired to commit health care fraud, whereby claims were submitted for urine drug testing that was not medically necessary.  In furtherance of the conspiracy, Ahmad selected National Laboratories, Inc. ("National Laboratories") (from in or around 2014 to in or around 2016), and Laboratory A (from in or around 2016 to in or around 2017) as laboratories for Brown to refer samples for urine drug testing, unduly influencing Brown's referral decision.  In furtherance of the conspiracy, Brown and others ordered, arranged, or caused the ordering, or arranging, for urine drug testing by National Laboratories and Laboratory A that was not medically necessary.

During the course of the conspiracy charged in the Information, Brown would cause the submission of false and fraudulent claims by National Laboratories to Medicare in the approximate amount of $308,553.

In addition, Brown referred Medicare beneficiaries to co-conspirator home health providers, including US Home Health Care, Inc. ("US Home"), Home Health Agency A, and Home Health Agency B, for medically unnecessary home health care services. In some instances, the beneficiaries were not "homebound" and did not qualify for home health services. Brown conspired with Ahmad – the owner of US Home – and others to refer patients that Ahmad brought to Brown back to US Home for home health services that were not medically necessary.

The preceding statement is a summary, made for the purpose of providing the Court with a factual basis for the defendant's guilty plea to the charge against her. It does not include all of the facts known to her concerning criminal activity in which she and others engaged. The defendant makes this statement knowingly and voluntarily and because she is in fact guilty of the crime charged.

2.     **SENTENCING GUIDELINES**

A.     **Standard of Proof**

The Court will find sentencing factors by a preponderance of the evidence.

**B.**   <u>**Agreed Guideline Range**</u>

There are no sentencing guideline disputes.  Except as provided below, the defendant's guideline range is 30-37 months, as set forth on the attached worksheets.  If the Court finds:

1.   That the defendant's criminal history category is higher than reflected on the attached worksheets, or

2.   That the offense level should be higher because, after pleading guilty, the defendant made any false statement to or withheld information from her probation officer; otherwise demonstrated a lack of acceptance of responsibility for her offenses; or obstructed justice or committed any crime,

and if any such finding results in a guideline range higher than is recommended by the parties, then the higher guideline range becomes each party's recommended range.  However, if the Court finds that the defendant is a career offender, an armed career criminal, or a repeat and dangerous sex offender as defined under the sentencing guidelines or other federal law, and that finding is not already reflected in the attached worksheets, this paragraph does not authorize a corresponding increase in either party's recommended range.  Neither party may take a position in this Court contrary to any position of that party reflected on the worksheets or

worksheet addendum, except as necessary to the Court's determination regarding subsections 1) and 2), above.

3.    **SENTENCE**

The Court will impose a sentence pursuant to 18 U.S.C. § 3553, and in doing so must consider the sentencing guideline range.

A.    **Imprisonment**

Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C), the sentence of imprisonment in this case may not exceed the top of the sentencing guideline range recommended by the government as described in Paragraph 2B.

B.    **Supervised Release**

A term of supervised release, if imposed, follows the term of imprisonment. There is no agreement on supervised release.  In other words, the Court may impose any term of supervised release up to the statutory maximum term, which in this case is three years.  The agreement concerning imprisonment described above in Paragraph 3A does not apply to any term of imprisonment that result from any later revocation of supervised release.

C.    **Special Assessment**

The defendant will pay a special assessment of $100.  The defendant is required to pay the special assessment immediately after sentence is imposed and provide a receipt to the United States Attorney's Office within 24 hours of

sentencing.  The defendant is encouraged to voluntarily pay the special assessment before sentencing and bring the receipt to sentencing.

### D.    Fine

The Court may impose a fine in any amount up to $250,000, or twice the pecuniary gain or loss, pursuant to 18 U.S.C. § 3571(d).

### E.    Restitution

The Court shall order restitution to every identifiable victim of the defendant's offense.  The victims and the full amounts of restitution in this case are as follows:

U.S. Department of Health and Human Services: $308,553.

### F.    Forfeiture

Pursuant to 18 U.S.C. § 982(a)(7) and/or § 981(a)(1)(C) with 28 U.S.C. § 2461(c), Defendant agrees to forfeit to the United States her interest in all property, real and personal, which constitutes or is derived, directly or indirectly, from gross proceeds traceable to Defendant's conspiracy to commit health care fraud, in violation of 18 U.S.C. § 1349, as charged in Count One of the Information. Specifically, Defendant agrees to the forfeiture of all proceeds of the offense to which she is pleading guilty that are deposited in financial institutions and all assets purchased and/or obtained with the proceeds of the offense to which she is pleading guilty, including real property.

Defendant agrees that the forfeiture money judgment may be satisfied, to whatever extent possible, from any property owned or under the control of Defendant. To satisfy the money judgment, Defendant explicitly agrees to the forfeiture of any assets as she has now, or may later acquire, as substitute assets under 21 U.S.C. § 853(p)(2) and waives and relinquishes her rights to oppose the forfeiture of substitute assets under 21 U.S.C. § 853(p)(1) or otherwise.

Defendant agrees to the entry of one or more orders of forfeiture incorporating forfeiture of the assets enumerated in this section and the above-referenced money judgment, including the Court's prompt entry of a Preliminary Order of Forfeiture, following Defendant's guilty plea, upon application by the United States, at, or any time before, her sentencing in this case, as mandated by Fed. R. Crim. P. 32.2. Defendant agrees to sign such an order, indicating she consents to its entry if requested to do so by the Government.

Defendant agrees that she will cooperate with the United States by taking whatever steps are necessary to deliver clear title to property subject to forfeiture under this agreement to the United States and will execute such legal documents as may be required to transfer rights, title, and ownership to the United States and by taking whatever steps are necessary to ensure that the property is not sold, disbursed, hidden, wasted, or otherwise made unavailable for forfeiture.

8

Defendant acknowledges that she understands that the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to advise her of this, pursuant to Fed. R. Crim. P. 11(b)(1)(J), or otherwise, at the time of her guilty plea is accepted.

In entering into this agreement with respect to forfeiture, Defendant knowingly, voluntarily, and intelligently waives any Double Jeopardy challenge, or any other challenge to the above-described forfeiture based on the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

Defendant also agrees that Defendant shall assist the United States in all proceedings, whether administrative or judicial, involving the forfeiture, disgorgement, transfer, or surrender of all rights, title, and interest, regardless of their nature of form, in the property that Defendant has agreed to forfeit, disgorge, transfer, or surrender, and any other assets, including real and personal property, cash, and other monetary instruments, wherever located, which Defendant or others to her knowledge have accumulated as a result of illegal activities.

Such assistance will include agreement by Defendant's heirs, successors, and assigns, to forfeiture, disgorgement, transfer, or surrender, to any interest in the above-described forfeiture. Such assistance will further involve an agreement by Defendant to the entry of an order enjoining the transfer or encumbrance of assets

9

that may be identified as being subject to forfeiture, disgorgement, transfer, or surrender.

Defendant also agrees to identify all assets over which she exercises control, directly or indirectly, or has exercised such control, within the past five years. She will identify all assets in which she has or had during that time any financial interest will provide all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds, and any and all other documents necessary to deliver good and marketable title to said property. Defendant agrees to take all steps as requested by the government to obtain from any other parties by any lawful means any records of assets owner at any time by Defendant. She also agrees to undergo any polygraph examination the government may choose to administer concerning such assets and to provide and/or consent to the release of her tax returns for the previous five years.

<u>Non-Abatement of Criminal Forfeiture</u>: Defendant agrees the forfeiture provisions of this Plea Agreement are intended to, and will, survive her, notwithstanding the abatement of any underlying criminal conviction after the execution of this agreement. The forfeitability of any particular property pursuant to this agreement shall be determined as if Defendant had survived, and that determination shall be binding upon Defendant's heirs, successors, and assigns,

until the agreed forfeiture, including any agreed money judgment amount, is collected in full.

4.      **COOPERATION AGREEMENT**

The written cooperation agreement between the defendant and the government is part of this plea agreement.

5.      **USE OF WITHDRAWN GUILTY PLEA**

If the Court allows the defendant to withdraw her guilty plea for a "fair and just reason," pursuant to Fed. R. Crim. P. 11(d)(2)(B), the defendant waives her rights under Fed. R. Evid. 410, and the government may use her guilty plea, any statement made under oath at the plea hearing, and the factual basis statement in this plea agreement, against her in any proceeding.

6.      **EXCLUSION FROM THE MEDICARE PROGRAM AND OTHER HEALTH CARE PROGRAMS**

The defendant understands and acknowledges that as a result of this plea, the defendant will be excluded from Medicare, Medicaid, and all federal health care programs. The defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a

beneficiary under any federal health care program, including Medicare and Medicaid.

7.    **RIGHT TO WITHDRAW**

The government may withdraw from this agreement if the Court finds the correct guideline range to be different than is determined by Paragraph 2B. The defendant may withdraw from this agreement, and may withdraw her guilty plea, if the Court decides to impose a sentence higher than the maximum allowed by Part 3. This is the only reason for which the defendant may withdraw from this agreement. The Court shall advise the defendant that if she does not withdraw her guilty plea under this circumstance, the Court may impose a sentence greater than the maximum allowed by Part 3.

8.    **APPEAL WAIVER**

The defendant waives any right she may have to appeal her conviction on any grounds. If the defendant's sentence of imprisonment does not exceed the maximum allowed by Part 3 of this agreement, the defendant also waives any right she may have to appeal her sentence on any grounds. If the defendant's sentence of imprisonment is within the guideline range determined by Paragraph 2B, the government agrees not to appeal the sentence, but retains its right to appeal any sentence below that range. This waiver shall not be construed to bar a claim by the defendant of ineffective assistance of counsel. In addition to the foregoing

12

provisions, the defendant hereby waives all rights to argue on appeal that the statute

to which the defendant is pleading guilty is unconstitutional and that the admitted

conduct does not fall within the scope of the statute.

9.    **CONSEQUENCES OF WITHDRAWAL OF GUILTY
       PLEA/VACATION OF CONVICTION**

If the defendant is allowed to withdraw her guilty plea or if any conviction

entered pursuant to this agreement is vacated, the Court shall, on the government's

request, reinstate any charges that were dismissed as part of this agreement.  If

additional charges are filed against the defendant within six months after the date of

the order vacating the defendant's conviction or allowing her to withdraw her guilty

plea becomes final, which charges relate directly or indirectly to the conduct

underlying the guilty plea or to any conduct reflected in the attached worksheets,

the defendant waives her right to challenge the additional charges on the ground

that they were not filed in a timely manner, including any claim that they were filed

after the limitations period expired.

10. **IMMIGRATION CONSEQUENCES**

The defendant recognizes that pleading guilty may have consequences with respect to the defendant's immigration status if the defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the offenses to which the defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and defendant understands that no one, including the defendant's attorney or the Court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant nevertheless affirms that the defendant chooses to plead guilty regardless of any immigration consequences that the defendant's plea may entail, even if the consequence is the defendant's denaturalization and automatic removal from the United States.

11. **PARTIES TO THE PLEA AGREEMENT**

Unless otherwise indicated, this agreement does not bind any government agency except the United States Department of Justice, Criminal Division, Fraud Section and the United States Attorney's Office for the Eastern District of Michigan.

12.   **SCOPE OF THE PLEA AGREEMENT**

This agreement, which includes all documents that it explicitly incorporates, is the complete agreement between the parties.  This agreement supersedes all other promises, representations, understandings and agreements between the parties concerning the subject matter of this plea agreement that were made at any time before the guilty plea is entered in court.  Thus, no oral or written promises made by the government to the defendant or to the attorney for the defendant at any time before the defendant pleads guilty are binding except to the extent they have been explicitly incorporated into this agreement.

Notwithstanding the previous paragraph, if the defendant has entered into a proffer agreement in writing or a cooperation agreement in writing with the government, this plea agreement does not supersede or abrogate the terms of any such prior written agreement.

This agreement also does not prevent any civil or administrative actions against the defendant, or any forfeiture claim against any property, by the United States or any other party.

Matthew Schneider
United States Attorney

Date: 5/24/18

Wayne Pratt
Chief, Health Care Fraud Unit

15

United States Attorney's Office
Eastern District of Michigan

Date:   5/29/18

Allan Medina      *BY   J~F*
Assistant Deputy Chief, Fraud Section
U.S. Department of Justice, Criminal
Division

Date:   5/29/18

Jacob Foster
Trial Attorney
Department of Justice
Criminal Division, Fraud Section

16

By signing below, the defendant acknowledges that she has read (or been read) this entire document, understands it, and agrees to its terms. She also acknowledges that she is satisfied with her attorney's advice and representation. The defendant agrees that she has had a full and complete opportunity to confer with her lawyer and has had all of her questions answered by her lawyer.

Richard C. Kraus, Esq.
Attorney for Defendant

Mejuttenun Brown
Defendant

Date: 5/29/18

17

## WORKSHEET A
# OFFENSE LEVEL

Defendant **Meiuttenun Brown**                    District/Office **Eastern District of Michigan**

Docket Number _____

Count Number(s) **1**                    U.S. Code Title & Section **18**  : **USC 1349** ;  ____ : _____

*Guidelines Manual* Edition Used: 20**16** (*Note: The Worksheets are keyed to the November 1, 2016* Guidelines Manual)

### INSTRUCTIONS

Complete a separate Worksheet A for each count of conviction or as required in a situation listed at the bottom of Worksheet B.*
*Exceptions*: Use only a single Worksheet A where the offense level for a group of closely related counts is based primarily on aggregate value or quantity (*see* §3D1.2(d)) or where a count of conspiracy, solicitation, or attempt is grouped with a substantive count that was the sole object of the conspiracy, solicitation, or attempt (*see* §3D1.2(a) & (b)).

### 1. Offense Level (*See Chapter Two*)

Enter the applicable base offense level and any specific offense characteristics from Chapter Two and explain the bases for these determinations. Enter the sum in the box provided.

| Guideline | Description | Level |
|---|---|---|
| 2B1.1(a)(2) | Base Offense Level | 6 |
| 2B1.1(b)(1) | Loss | 12 |
| 2B1.1(b)(10) | Sophisticated Means | 2 |
|  |  |  |
|  |  |  |

If the Chapter Two guideline requires application of a cross reference or other reference, an additional Worksheet A may be needed for that analysis. *See* §1B1.5.          Sum  **20**

### 2. Victim-Related Adjustments (*See Chapter Three, Part A*)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".                    § _____  **0**

### 3. Role in the Offense Adjustments (*See Chapter Three, Part B*)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If the adjustment reduces the offense level, enter a minus (–) sign in front of the adjustment. If no adjustment is applicable, enter "0".                    § **3B1.3**  **2**

### 4. Obstruction Adjustments (*See Chapter Three, Part C*)

Enter the applicable section and adjustment. If more than one section is applicable, list each section and enter the combined adjustment. If no adjustment is applicable, enter "0".                    § _____  **0**

### 5. Adjusted Offense Level

Enter the sum of Items 1–4. If this Worksheet A does not cover all counts of conviction or situations listed at the bottom of Worksheet B, complete Worksheet B. Otherwise, enter this result on Worksheet D, Item 1.          **22**

---

✓   Check here if **all** counts (*including* situations listed at the bottom of Worksheet B)* are addressed on this one Worksheet A. If so, no Worksheet B is used.

✓   If the defendant has no criminal history, enter "I" here and on Worksheet D, Item 4. No Worksheet C is used.

## WORKSHEET B
# MULTIPLE COUNTS*

Defendant __Meiuttenun Brown_____     Docket Number _____

### INSTRUCTIONS

**STEP 1:** Determine if any of the counts group under §3D1.2(a)–(d) ("the grouping rules"). All, some, or none of the counts may group. Some of the counts may have already been grouped in the application under Worksheet A, specifically: (1) counts grouped under §3D1.2(d); or (2) a count charging conspiracy, solicitation, or attempt that is grouped with the substantive count of conviction (*see* §3D1.2(a)). Explain the reasons for grouping:

_____

_____

_____

**STEP 2:** Using the box(es) provided below, for each group of "closely related counts" (*i.e.*, counts that group together under any of the four grouping rules), enter the highest adjusted offense level from Item 5 of the various Worksheets "A" that comprise the group. *See* §3D1.3. Note that a "group" may consist of a single count that has not grouped with any other count. In those instances, the offense level for the group will be the adjusted offense level for the single count.

**STEP 3:** Enter the number of units to be assigned to each group (*see* §3D1.4) as follows:
- One unit (1) for the group of counts with the highest offense level
- An additional unit (1) for each group that is equally serious or 1 to 4 levels less serious
- An additional half unit (1/2) for each group that is 5 to 8 levels less serious
- No increase in units for groups that are 9 or more levels less serious

| 1. | **Adjusted Offense Level for the First Group of Counts** | | |
|---|---|---|---|
| | Count number(s) _____ | | _____ Unit |

| 2. | **Adjusted Offense Level for the Second Group of Counts** | | |
|---|---|---|---|
| | Count number(s) _____ | | _____ Unit |

| 3. | **Adjusted Offense Level for the Third Group of Counts** | | |
|---|---|---|---|
| | Count number(s) _____ | | _____ Unit |

| 4. | **Adjusted Offense Level for the Fourth Group of Counts** | | |
|---|---|---|---|
| | Count number(s) _____ | | _____ Unit |

| 5. | **Adjusted Offense Level for the Fifth Group of Counts** | | |
|---|---|---|---|
| | Count number(s) _____ | | _____ Unit |

| 6. | **Total Units** | |
|---|---|---|
| | | _____ **Total Units** |

| 7. | **Increase in Offense Level Based on Total Units** (See §3D1.4) | |
|---|---|---|
| | 1 unit: no increase  2½ – 3 units: add 3 levels | |
| | 1½ units: add 1 level  3½ – 5 units: add 4 levels | |
| | 2 units: add 2 levels  More than 5 units: add 5 levels | |

| 8. | **Highest of the Adjusted Offense Levels from Items 1–5 Above** |
|---|---|
| | |

| 9. | **Combined Adjusted Offense Level** (See §3D1.4) |
|---|---|
| | Enter the sum of Items 7 & 8 here and on Worksheet D, Item 1. |

*Note: Worksheet B also includes applications that are done "as if there were multiple counts of convictions," including: multiple-object conspiracies (*see* §1B1.2(d)); offense guidelines that direct such application (*e.g.*, §2G2.1(d)(1) (Child Porn Production)); and stipulations to additional offenses (*see* §1B1.2(c)). Note also that these situations typically require the use of multiple Worksheets A.

## WORKSHEET C
# CRIMINAL HISTORY
### [Page 1 of 2]

Defendant __Meiuttenun Brown_____     Docket Number _____

*Note:* As an aid, some of the basic criminal history "rules" are listed below. However, there are numerous additional criminal history rules at §§4A1.1 and 4A1.2 that must be used with Worksheet C and for correct application.

**Enter the Earliest Date of the Defendant's Relevant Conduct** _____
(The date of *the defendant's commencement of the instant offense*(s))

### 1. Prior Sentences Resulting from Offenses Committed Prior to the Defendant's 18th Birthday

(a) **3 Points** if convicted as an *adult*, for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(d)(1) & (e)(1).

(b) **2 Points** for each prior *adult or juvenile sentence* of confinement of *at least 60 days* not counted under §4A1.1(a) imposed within 5 years or from which the defendant was released from confinement within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(d)(2)(A).

(c) **1 Point** for each prior *adult or juvenile sentence* not counted under §4A1.1(a) or §4A1.1(b) imposed within 5 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(d)(2)(B).

*Note:* Identify as "**adult**" any sentence exceeding one year and one month that resulted from an adult conviction.
A **release date** is required in only two instances: (1) when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period; or (2) when a sentence counted under §4A1.1(b) was imposed more than 5 years prior to *the defendant's earliest date of relevant conduct*, but release from confinement occurred within such 5-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |

### 2. Prior Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday

(a) **3 Points** for each prior sentence of imprisonment *exceeding one year and one month* imposed within 15 years of the defendant's earliest date of relevant conduct or resulting in incarceration during any part of that 15-year period. *See* §§4A1.1(a) and 4A1.2(e)(1).

(b) **2 Points** for each prior sentence of imprisonment of *at least 60 days* not counted under §4A1.1(a) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(b) and 4A1.2(e)(2).

(c) **1 Point** for each prior sentence not counted under §4A1.1(a) or §4A1.1(b) imposed within 10 years of the defendant's earliest date of relevant conduct. *See* §§4A1.1(c) and 4A1.2(e)(2).

*Note:* A **release date** is required when a sentence covered under §4A1.1(a) was imposed more than 15 years prior to *the defendant's earliest date of relevant conduct* but resulted in the defendant being incarcerated during any part of such 15-year period.

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |
| _____ | _____ | _____ | _____ | _____ | _____ |

# Worksheet C — Criminal History [Page 2 of 2]

Defendant __Meiuttenun Brown_____     Docket Number _____

(continued from *Sentences Resulting from Offenses Committed On or After the Defendant's 18th Birthday*)

| Date of Imposition | Offense | Sentence | Release Date | Guideline Section | Criminal History Points |
|---|---|---|---|---|---|
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

---

**3. Sum of Criminal History Points for prior sentences under §4A1.1(a), (b), & (c) in Items 1 & 2**

A total of 4 points can be added for all the 1-Point sentences counted in Items 1 & 2 combined.

---

**4. "Status" of Defendant at Time of Instant Offense**

**2 Points** for "status" if the defendant committed any part of the instant offense (*i.e.*, any relevant conduct) while under any criminal justice sentence (*e.g.*, probation, parole, supervised release, imprisonment, work release, or escape status) for a sentence counted in Items 1 or 2. *See* §4A1.1(d) and Application Note 4. List the type of control and identify the counted sentence that resulted in the control. Otherwise, enter **0 Points**.

_____

_____

---

**5. Crimes of Violence**

**1 Point** for each prior sentence resulting from a conviction of a crime of violence that did not receive any points under §4A1.1(a), (b), or (c) because such sentence was counted as a single sentence which also included another sentence resulting from a conviction for a crime of violence. A total of 3 points can be added under this subsection. *See* §4A1.1(e) and Application Note 5, and §4A1.2(a)(2) & (p). Identify the crimes of violence and briefly explain why the cases are considered a single sentence. Otherwise, enter **0 Points**.

_____

_____

---

**4. Total Criminal History Points** (Sum of Items 3–5)

`0`

---

**5. Criminal History Category** (Enter here and on Worksheet D, Item 4)

| Total Points | Criminal History Category |
|---|---|
| 0–1 | I |
| 2–3 | II |
| 4–6 | III |
| 7–9 | IV |
| 10–12 | V |
| 13 or more | VI |

`I`

## WORKSHEET D
# DETERMINING THE SENTENCE
### [Page 1 of 4]

Defendant __Meiuttenun Brown__                    Docket Number _____

---

**1.   Adjusted Offense Level** (From Worksheet A or B)

If Worksheet B is required, enter the result from Worksheet B, Item 9. Otherwise, enter the result from Worksheet A, Item 5.

`22`

**2.   Acceptance of Responsibility** (See Chapter Three, Part E)

Enter the applicable reduction of **2** or **3** levels. If no adjustment is applicable, enter "0".

`– 3`

**3.   Offense Level Total** (Item 1 less Item 2)

`19`

---

**4.   Criminal History Category** (From Worksheet A or C)

Enter the result from Worksheet C, Item 8, unless the defendant has no criminal history, and as directed at the bottom of Worksheet A, no Worksheet C is used and "I" is entered here.

`I`

**5.   Terrorism; Career Offender; Criminal Livelihood; Armed Career Criminal; Repeat and Dangerous Sex Offender** (See Chapter Three, Part A, and Chapter Four, Part B)

   **a.   Offense Level Total**

If the provision for Career Offender (§4B1.1), Criminal Livelihood (§4B1.3), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in an offense level total higher than Item 3, enter the offense level total. Otherwise, enter "N/A".

`N/A`

   **b.   Criminal History Category**

If the provision for Terrorism (§3A1.4), Career Offender (§4B1.1), Armed Career Criminal (§4B1.4), or Repeat and Dangerous Sex Offender (§4B1.5) results in a criminal history category higher than Item 4, enter the applicable criminal history category. Otherwise, enter "N/A".

`N/A`

**6.   Guideline Range from Sentencing Table**

Enter the applicable guideline range from Chapter Five, Part A, in months.

`30     to 37`

**7.   Restricted Guideline Range** (See Chapter Five, Part G)

If the statutorily authorized maximum sentence or the statutorily required minimum sentence restricts the guideline range (Item 6) (*see* §§5G1.1 and 5G1.2), enter either the restricted guideline range or any statutory maximum or minimum penalty that would modify the guideline range. Otherwise, enter "N/A".

`N/A     to N/A`

☐  Check here if §5C1.2 (Limitation on Applicability of Statutory Minimum Penalties in Certain Cases) and 18 U.S.C. § 3553(e) – "The Safety Valve" – are applicable.

**8.   Undischarged Term of Imprisonment; Anticipated State Term of Imprisonment** (See §5G1.3)

☐  If the defendant is subject to an undischarged term of imprisonment, or an anticipated state term of imprisonment, check this box. Below list the undischarged/anticipated term(s), the applicable section of §5G1.3 and its direction or guidance as to whether the instant federal sentence is to be imposed to run concurrently or consecutively to the undischarged/anticipated term(s), and any sentence adjustment.

_____

_____

_____

# Worksheet D — Determining the Sentence [Page 2 of 4]

Defendant  Meiuttenun Brown

Docket Number _____

## 9. Sentencing Options (See Chapter Five, Sentencing Table and §§5B1.1(a) and 5C1.1)

Check the applicable box that corresponds to the Guideline Range entered in Item 6 or Item 7, if applicable.

☐ **Zone A** (See §§5B1.1(a)(1) & 5C1.1(a) & (b))

If checked, the following options are available:

- Fine (See §§5C1.1(b) & 5E1.2(a))
- "Straight" Probation (See §§5B1.1(a)(1) & 5C1.1(b))
- Imprisonment (See §5C1.1(a) & (c)(1))

☐ **Zone B** (See §§5B1.1(a)(2) & 5C1.1(a) & (c))

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (c)(2))
- Imprisonment of *at least one month plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(c)(2))
- Probation with a condition that substitutes intermittent confinement, community confinement, or home detention for imprisonment (See §§5B1.1(a)(2) and 5C1.1(c)(3))

☐ **Zone C** (See §5C1.1(a) & (d))

If checked, *the minimum term may be satisfied by*:

- Imprisonment (See §5C1.1(a) & (d)(1))
- Imprisonment of *at least one-half of the minimum term plus supervised release* with a condition that substitutes community confinement or home detention for imprisonment (See §5C1.1(d)(2))

☑ **Zone D** (See §5C1.1(a) & (f))

If checked, *the minimum term is to be satisfied by* a sentence of imprisonment

## 10. Length of Term of Probation (See §5B1.2)

If probation is imposed, the guideline for the length of such term of probation is: (Check the applicable box)

☑ At least one year, but not more than five years if the offense level total is 6 or greater.

☐ No more than three years if the offense level total is 5 or less.

# Worksheet D — Determining the Sentence [Page 3 of 4]

Defendant **Meiuttenun Brown**                          Docket Number _____

## 11. Supervised Release (See §§5D1.1 and 5D1.2)

**a. Imposition of a Term of Supervised Release:**

☐ Ordered because required by statute (See §5D1.1(a)(1)).

☑ Ordered because a sentence of imprisonment of more than one year is imposed (See §5D1.1(a)(2)).

☐ Is *not* ordered although a sentence of more than one year is imposed, because it is not required by statute *and* the defendant likely will be deported after imprisonment (See §5D1.1(c)).

☐ Ordered because it may be ordered in any other case (See §5D1.1(b)).

**b. Length of Term of Supervised Release**

Check the Class of the Offense:

☐ Class A or B Felony: Two to Five Year Term (See §5D1.2(a)(1))

☑ Class C or D Felony: One to Three Year Term (See §5D1.2(a)(2))

☐ Class E Felony or Class A Misdemeanor: One Year Term (See §5D1.2(a)(3))

☐ If a statutorily required mandatory minimum term of supervised release for the offense impacts the guideline range for the applicable Class of Offense above, also check this box, and list the statutory minimum term (See §5D1.2(c)):

_____ years mandatory minimum term of supervised release

☐ If an offense in 18 U.S.C. § 2332b(g)(5)(B) that resulted in, or created a foreseeable risk of, death or serious bodily injury to another person; or if a sex offense, the term of supervised release will not be less than the minimum term established above, and may be up to life (See §5D1.2(b)).

Policy Statement: If a sex offense, the *statutory maximum term* of supervised release is recommended.

## 12. Restitution (See §5E1.1)

a. If restitution is applicable, enter the amount. Otherwise enter "N/A" and the reason:

$308,553

b. Enter whether restitution is statutorily mandatory or discretionary:

Mandatory

c. Enter whether restitution is by an order of restitution, or *solely* as a condition of supervision. Enter the authorizing statute:

Order of restitution -- 18 USC 3663A

# Worksheet D — Determining the Sentence [Page 4 of 4]

Defendant __Meiuttenun Brown__                    Docket Number _____

---

## 13. Fines (The Guideline Range for Fines for Individual Defendants) (See §5E1.2)

|  |  | Minimum | Maximum |
|---|---|---|---|
| **a.** | **Special Fine Provisions** |  |  |

[✓] Check box if any of the counts of conviction is for a statute with a special fine provision. (This *does not* include the general fine provisions of 18 USC § 3571(b)(2) & (d)).

Enter the sum of statutory maximum fines for all such counts. ........................... $250,000

**b. Fine Table (§5E1.2(c)(3))**
Enter the minimum and maximum fines.           Min: $10,000   Max: $100,000

**c. Fine Guideline Range**
(Determined by the minimum of the Fine Table (Item 15(b)) and the greater maximum above (Item 15(a) or 15(b))).        Min: $10,000   Max: $250,000

**d. Ability to Pay**

[ ] Check this box if the defendant does not have an ability to pay.

---

## 14. Special Assessments for Individual Defendants (See §5E1.3)

Enter the total amount of the statutory special assessments required for all counts of conviction:
- $100 for each felony count of conviction.
- $25 for each Class A misdemeanor count of conviction.
- While not subject to guideline sentencing, the special assessments for a Class B misdemeanor, and a Class C misdemeanor or infraction are $10 and $5 per count, respectively.

**TOTAL:**                                                    $100

---

## 15. Factors That May Warrant a *Departure* (See §1B1.1(b))

Consider Chapter Five, Part H (Specific Offender Characteristics) and Part K (Departures), and other policy statements and commentary in the *Guidelines Manual* that might warrant consideration in sentencing. (*See also* the "List of Departure Provisions" included in the *Guidelines Manual* after the Index).

_____
_____
_____
_____

---

## 16. Factors That May Warrant a *Variance* (See §1B1.1(c))

Consider the applicable factors in 18 U.S.C. § 3553(a) taken as a whole.

_____
_____
_____
_____

**Completed by** __Jacob Foster__                    **Date** __4/3/18__