# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA
              Plaintiff,

-vs-                                Case No. 17-cr-20465
                                            Hon. Denise Page Hood

MEIUTTENUN BROWN
              Defendant
_____.

## DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

NOW COMES the defendant, Dr. Meiuttenun Brown, by and through her counsel, Henry M. Scharg, and pursuant to Rule 11(d)(2)(B) of the Federal Rules of Criminal Procedure, respectfully moves this Court to grant her leave to withdraw her previously entered guilty plea to the Superseding Information and proceed to trial in the pending matter.

That pursuant to Local Court Rule 7.1(a)(2)(A), there was a telephone conference between the parties, in which the movant explained the nature of the motion and its legal basis, and requested but did not obtain concurrence in the relief sought.

1

Furthermore, the defendant is requesting that this Court hold an evidentiary hearing on both her motion to withdraw the guilty plea and ineffective assistance of counsel, to adequately develop the record and to allow the Court to properly assess the merits of the issues.

        Submitted by:

        /s/Henry M. Scharg (P-28804)
        Attorney for Defendant
        30445 Northwestern Hwy., Ste 225
        Farmington Hills, MI 48334
        (248) 596-1111
        hmsattyatlaw@aol.com

Dated: October 20, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA
            Plaintiff,

  -vs-                                            Case No. 17-cr-20465
                                                    Hon. Denise Page Hood

MEIUTTENUN BROWN
            Defendant
_____.

## MEMORANDUM OF LAW
## DEFENDANT'S MOTION TO WITHDRAW GUILTY PLEA

Dr. Meiuttenun Brown pled guilty to engaging in a Healthcare Fraud Conspiracy. Dr. Brown argues that the law firm of Foster, Swift, Collins and Smith "FosterSwift" provided ineffective assistance of counsel for Dr. Brown from the time that the firm was retained on January 2, 2018, until the "FosterSwift" firm withdrew from her case prior to sentencing on March 2, 2022.  "FosterSwift's" representation of Dr. Brown was deficient and prejudiced her 5th and 6th Amendment rights to effective assistance of counsel and due process of law.  Here, there is a reasonable probability that,

but for counsel's errors, Dr. Brown would not have been placed in legal jeopardy, pleaded guilty, or waived her constitutional right to a trial in this matter.

Dr. Meiuttenun Brown was charged in a Superseding Information with one count of Conspiracy to Commit Health Care Fraud, in violation of 18 U.S.C. §1349. Pursuant to a Rule 11 plea agreement, Dr. Meiuttenun Brown made her first appearance before the Court on May 29, 2018, arraigned on a Superseding Information and entered a guilty plea to the Superseding Information on the same day. On March 2, 2022, substitute counsel was appointed by this Court to represent Dr. Brown after her prior counsel, the law firm of "FosterSwift" withdrew prior to sentencing. Substitute counsel came on board and promptly ordered the presentence report, court documents, relevant transcripts, client proffers, communications between the parties, attorney work product and other relevant documents that caused him to conclude that there was a fair and just reason to request that Dr. Brown be allowed to withdraw her guilty plea and proceed to trial pursuant to *Fed.R.Crim.P. 11(d)(2)(B)*.

The factors discussed in U.*S. v Valdez, 362 F.3d 903 (6th Cir. 2004)*, including the circumstances of the plea, the nature and background of the defendant, the defendant's maintaining her innocence, the lack of

experience in criminal law by prior counsel and the defendant, all weigh heavily in favor of the defendant in support of her request to withdraw her guilty plea.

On May 27, 2022, substitute counsel raised those concerns in an email to the Court's Docket Manager, LaShawn Saulsberry, requesting a status conference at the Court's earliest convenience to address this issue.[1] The Court scheduled a status conference for August 23, 2022, where defense counsel raised his concerns and requested that Dr. Brown be permitted to withdraw her guilty plea.

Dr. Brown maintains that she entered the plea of guilty to the Superseding Information based upon the advice of her attorneys at "FosterSwift", and did not adequately understand the quantum of evidence against her, the legal defenses available to her, or other legal strategies. Dr. Brown further maintains that she was afraid that she would face much more severe penalties had she rejected the plea agreement and that the specter of more serious charges and penalties is what made her enter the plea. Dr. Brown maintains she is innocent of the charges that she is facing. Specifically, she maintains that she did not knowingly and/or intentionally

---

[1] Attached as an Exhibit is the email to LaShawn Saulsberry, Docket Manager to the Honorable Denise Page Hood.

conspire with others to defraud Medicare by the submission of false and fraudulent claims for drug testing that was medically unnecessary.

Federal Rule of Criminal Procedure 11(d)(2)(B) provides a mechanism through which a criminal defendant may withdraw her plea. The Court may grant a defendant's request to withdraw her guilty plea prior to sentencing "if the defendant shows any fair and just reason." The defendant bears the burden of demonstrating "a fair and just reason for requesting the withdrawal." See id*.* (*quoting Fed.R.Crim.P.11(d)(2)(B)*). In determining whether the defendant has offered "a fair and just reason," we must consider "the totality of the circumstances," id*.*, including:

> (1) the amount of time that elapsed between the plea and the motion to withdraw it; (2) the presence (or absence) of a valid reason for the failure to move for withdrawal earlier in the proceedings; (3) whether the defendant has asserted or maintained [her] innocence; (4) the circumstances underlying the entry of the guilty plea; (5) the defendant's nature and background; (6) the degree to which the defendant has had prior experience with the criminal justice system; and (7) potential prejudice to the government if the motion to withdraw is granted.

The Sixth Circuit *United States v. Bazzi*, 94 F.3d 1025, 1027 (6th Cir. 1996) referred to these seven factors in which the court should consider in determining whether a defendant has sustained her burden of establishing that a fair and just reason exists to grant the request to set aside a guilty plea. Dr. Brown contends that she has satisfied the burden of establishing

that a "fair and just reason" exists for allowing the defendant to withdraw her plea and proceed to trial. All of these factors weigh heavily in favor of allowing Dr. Brown to withdraw her guilty plea before sentencing.

The defendant has the burden of demonstrating a fair and just reason for the withdrawal of her plea. With that said, the standard is to be applied "liberally" when the request is made prior to the imposition of sentence. See generally *United States v. Garcia*, 401 F.3d 1008, 1011 (9th Cir. 2005). A motion to withdraw a plea made prior to the imposition of sentence should be "freely allowed." *United States v Signori*, 844 F.2d 635, 637 (9th Cir. 1988). "Fair and just reasons" for withdrawing a plea have been described as newly discovered evidence, intervening circumstances or "any other reason for withdrawing the plea that did not exist when the defendant entered her plea…" United States v Ortega-Ascanio, 376 F.3d 879, 833 (9th Cir. 2004). In the instant case, there are intervening circumstances and other reasons not known to her at the time of the plea as the "fair and just" grounds for her request. [2]

The Federal Rules of Criminal Procedure place no limitations on when a plea may be withdrawn other than stating that " A defendant may withdraw a plea of guilty….after the court accepts the plea, but before it imposes

sentence if …. the defendant can show a fair and just reason for requesting the withdrawal." *Fed.R.Crim.P.11(d)(2)(B)*. In the instant case, the plea has been accepted but the sentence has not yet been imposed, so this Rule is applicable to the relief sought by Dr. Brown. It does not matter if the request is made three days after entry of the plea or three days prior to the imposition of sentence. New counsel was appointed, promptly reviewed relevant portions of the file, transcripts, correspondences and prior counsel's work product, and then contacted the Court regarding his intent to file a motion to withdraw the plea.

Dr. Brown has a valid reason for failing to move earlier in the proceedings to withdraw her guilty plea. Dr. Brown had no prior experience or knowledge with the criminal justice system and blindly trusted the advice and recommendations of her civil attorneys at FosterSwift, who did not practice criminal law at the federal or state level. This was a clear example of the idiom "the blind leading the blind". Here, Dr. Brown who was totally lacking the knowledge of how to deal with this legal quagmire being guided by an equally inept attorney. Once FosterSwift withdrew as her counsel, Dr. Brown's substitute counsel notified the Court without delay once a

2

preliminary review of the facts and circumstances of this matter was completed.

Dr. Brown's assertion of her innocence weighs heavily in favor of allowing her to withdraw her guilty plea. Prior to reluctantly agreeing to the government's plea offer, Dr. Brown messaged her "FosterSwift" attorney Robert Krause on March 31, 2018 that she still was of the mind that she had not committed any conspiracy to defraud Medicare.[3] Mr. Krause persuaded Dr. Brown that she had no other options but to accept the Rule 11 Agreement. After the plea hearing on May 29, 2018, and the matter was referred to the Probation Department, Mr. Krause scripted a description of the offense for Dr. Brown to incorporate in a Presentence Interview Form that was submitted to the Probation Officer prior to the presentence interview of Dr. Brown. In fact, it was this detailed written statement in the

---

[3] The entire email message is attached as an exhibit to this Motion, but the relevant portion states "After reviewing all the information that was provided to me during our meetings particularly, the last one with my husband, I have made a decision. I know my situation only has 2 sides, bad and bad. Even though I am still of the mind that I have not committed any conspiracy to defraud Medicare, I did weigh out what either would entail and I have a few variables that I need to consider heavily. I am still a wife, mother, and physician: and it is my hope that I will be able to continue these roles in due time."

body of the presentence report that raised a red flag to new counsel that Mr. Krause was inept and inexperienced in the practice of criminal law.[4]

The circumstances of Dr. Brown's pleading guilty favor withdrawal. Dr. Brown entered a plea of guilty based wholly on the advice of Mr. Krause, and did not feel that she fully or adequately understood the choices that she had. Mr. Krause conveyed the AUSA's warning to her that if she didn't take the offer made by the government she would be exposed to a much greater term of incarceration away from her family.[5]

Dr. Brown's background and prior experience with the criminal justice system weigh heavily in favor of withdrawal of the guilty plea. Meiuttenun Brown was born in 1970 in Seoul, South Korea, the daughter of a military family that moved often during her father's military service. Dr. Brown attended Spelman College in Atlanta, Georgia, the University of South

---

[4] It is common practice of defense counsel to rely on the factual basis referenced in the plea agreement or the sentencing record. Such a detailed statement that was scripted by FosterSwift to be submitted to the Probation Department is unheard of. Portions of the FosterSwift email, the Presentence Interview Form and Presentence Report are included as an Exhibit.

[5] In a FosterSwift memo prepared on March 5, 2018, Mr. Kraus noted that AUSA Foster explained to him a guilty plea to a charge of Conspiracy to Commit Healthcare Fraud would result in a guideline range of 30-37 months while a conviction to Wire Fraud would result in a guideline range of 108 to 135 months, which Mr. Kraus communicated to Dr. Brown at a conference with her on March 13, 2018.

Carolina, and received her Doctorate Degree in Medicine from Morehouse School of Medicine in Atlanta, Georgia in 2000, before beginning her medical career. Dr. Brown had no prior experience with the criminal justice system that would have prepared her for the legal jeopardy that was brought upon her.

Finally, the government would not be prejudiced if Dr. Brown were allowed to withdraw her guilty plea. The government would not be hampered in its ability to prepare for trial against Dr. Brown and produce witnesses to testify for the prosecution.

With that said, a more detailed consideration of the timeline issue is likely helpful in weighing the sincerity of Dr. Brown's request. On November 3, 2017, federal agents visited Dr. Brown at her Toledo, Ohio residence to interview her regarding a healthcare fraud investigation. Several weeks later, the agents contacted Dr. Brown to schedule a second interview and suggested that she retain counsel. On January 3, 2018, Dr. Brown met with and retained the law firm of "FosterSwift", who specialized in representing medical practices. Mr. Kraus, an associate at "FosterSwift" assigned by the firm to represent her, rushed to schedule a client proffer within days of being retained, and recommended the government's plea offer to her without ever requesting any pre-indictment discovery

11

conducting a preliminary investigation on behalf of Dr. Brown. Prior to sentencing on January 6, 2022, Mr. Kraus retired from the practice of law and filed a Motion to Leave to Withdraw as Counsel (ECF#649), alleging that FosterSwift "*does not have any other attorneys with sufficient experience in criminal health care fraud cases to handle Dr. Browns' case.*"[6] The reality was that "FosterSwift" never had an attorney, including Mr. Krause, with sufficient experience in criminal health care fraud cases or in the practice of criminal law to handle Dr. Brown's case.

Dr. Brown is not taking steps to delay these proceedings or otherwise frustrate the smooth administration of justice. This is not a defendant that has been lying in wait, wasting the time of the Court or resources of the government. Rather, this is a defendant that was resistant to the plea recommendation from the outset and later came to the realization that "FosterSwift" had provided ineffective assistance of counsel to her.

Dr. Brown maintains that she did not commit the crimes as alleged by the government and while she accepted some of the facts related to this case, she has categorically denied the criminal conduct charged herein. Dr. Brown maintained her innocence prior to her guilty plea and that belief has

---

[6] See Motion to Leave to Withdraw As Counsel and Consent to Substitution (ECF No. 649) filed by Richard Kraus on February 24, 2022.

never wavered or changed. Dr. Brown maintains that her decision to plead guilty was based upon her counsel's representation that she had not other options or choices, and that her rejection of the plea offer would result in a substantial term of imprisonment away from her family.

For all of the reasons set forth above, Dr. Meiuttenun Brown submits that she has demonstrated just and fair reasons to withdraw her previously entered guilty plea and respectfully moves this Honorable Court to grant her leave to do so, and set this matter for trial.

                                              Submitted by:

                                              /s/Henry M. Scharg (P-28804)
                                              Attorney for Defendant
                                              30445 N.W. Hwy., Suite 225
                                              Farmington Hills, MI 48334
                                              (248) 596-1111
                                              hmsattyatlaw@aol.com

Dated: October 20, 2022

# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

UNITED STATES OF AMERICA
                Plaintiff,

-vs-                                    Case No. 17-cr-20465
                                            Hon. Denise Page Hood

MEIUTTENEN BROWN
                Defendant

_____.

## ACKNOWLEDGMENT OF SERVICE

     I hereby certify that on October 20, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all parties of record.

                                            /s/Henry M. Scharg (P-28804)
                                            Attorney for Defendant
                                            615 Griswold, Suite 718
                                            Detroit, Michigan 48226
                                            (248) 596-1111
                                            hmsattyatlaw@aol.com

Dated: October 20, 2022